UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ATLANTIC CASUALTY INSURANCE
COMPANY,

        Plaintiff,

v.                                    Case No:  2:14-cv-103-FtM-38DNF

4J'S FEED AND TACK WESTERN
WEAR, INC., JEANETTE KUSZLYK,
JOHN P. KUSZLYK and
MARGARET BACHMANN,

        Defendants.

_____/

## ORDER[1]

      This matter comes before the Court on review of Plaintiff's Amended Complaint for

Declaratory Relief (Doc. #4) filed on February 21, 2014. Plaintiff brings this case against

the defendants based on diversity jurisdiction. Claims properly brought in federal court

pursuant to diversity jurisdiction contain matters where the parties are completely diverse

with regard to citizenship and where the amount in controversy exceeds the sum or value

of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate

Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). In an action filed directly in federal

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

court, plaintiff bears the burden of adequately pleading, and ultimately proving, jurisdiction. King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007).

Plaintiff has not properly alleged the citizenship of the defendants. Therefore, the Court finds it does not have subject matter jurisdiction to proceed with this matter at this time. Plaintiff only indicates where the individual defendants reside. (Doc. #4, ¶¶5-7). An individual is a citizen for diversity purposes where he is domiciled and not necessarily where he is a resident. Domicile is the place of an individual's true, fixed, and permanent home and to which he has the intention of returning whenever he is absent therefrom. See e.g, Arrol v. Heron, No. 2:10-cv-655-FtM-29DNF, 2011 WL 672417, at *1 (M.D. Fla. Feb. 17, 2011). Here, Plaintiff has failed to allege the respective domiciles of the individual defendants. Plaintiff cannot, as it tries to here, rely on the individuals' residences alone to properly allege citizenship.

In addition, a corporation is a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The principal place of business is determined by the "nerve center" test. Hertz Corp. v. Friend, 559 U.S. 77 (2010). Plaintiff has failed to indicate where Defendant 4J's Feed and Tack Western Wear, Inc. has its principal place of business. (Doc. #4, ¶4). Therefore, Plaintiff has also failed to properly indicate the citizenship of this defendant.

Accordingly, it is now

**ORDERED:**

The Amended Complaint for Declaratory Relief (Doc. #4) is **DISMISSED without prejudice**. Plaintiff shall file an amended complaint that properly alleges the Court's subject matter jurisdiction no later than **March 10, 2014**. Failure to comply with this Order

will result in the case being dismissed without further notice for failure to allege the Court's subject matter jurisdiction.

**DONE** and **ORDERED** in Fort Myers, Florida this 24th day of February, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record