UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ATLANTIC CASUALTY INSURANCE
COMPANY,

    Plaintiff,

v.                                            Case No: 2:14-cv-103-FtM-38DNF

4J'S FEED AND TACK WESTERN
WEAR, INC., JEANETTE KUSZLYK,
JOHN P. KUSZLYK and
MARGARET BACHMANN,

    Defendants.
_____/

## **ORDER[1]**

This matter comes before the Court on review of the Second Amended Complaint for Declaratory Relief (Doc. #8) filed on February 25, 2014. Plaintiff brings this case against the defendants based on diversity jurisdiction. Plaintiff's first Amended Complaint was dismissed because it failed to properly allege this Court's subject matter jurisdiction. The Court gave Plaintiff an opportunity to properly allege the Court's subject matter jurisdiction and warned that failure to properly allege subject matter jurisdiction in a second amended complaint would result in the case being dismissed without further notice. (Doc. #7). Plaintiff has filed a Second Amended Complaint, however, Plaintiff has

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

again failed to properly allege this Court's subject matter jurisdiction. Therefore, the Court finds it does not have jurisdiction of this matter and will dismiss this action.

Claims properly brought in federal court pursuant to diversity jurisdiction contain matters where the parties are completely diverse with regard to citizenship and where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). In an action filed directly in federal court, plaintiff bears the burden of adequately pleading, and ultimately proving, jurisdiction. King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007).

Here, Plaintiff fails to properly indicate the parties' citizenship. A corporation is a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The principal place of business is determined by the "nerve center" test. Hertz Corp. v. Friend, 559 U.S. 77 (2010). The Second Amended Complaint does not indicate where Plaintiff Atlantic Casualty Insurance Company or where Defendant 4J's Feed and Tack Western Wear, Inc. are incorporated. Based on the Second Amended Complaint, the Court does not have subject matter jurisdiction of this case.

Accordingly, it is now

**ORDERED:**

The Second Amended Complaint for Declaratory Relief (Doc. #8) is **DISMISSED without prejudice**. The Plaintiff shall file a Third Amended Complaint properly alleging this Court's subject matter jurisdiction no later than

**March 10, 2014**. Failure to comply with this Court's directive will result in the case being dismissed without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida this 28th day of February, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record